My name is Christopher Halliday, representing Christina M. Halliday. We ask this Court to reverse the decision of the Board of Patent Appeals and Interferences upholding the examiner's rejection of the claims as obvious in light of Robbins and other references. In support of that request, I would like to make two points. One, the claims are not obvious, much less read upon by the cited art. And two, the cited art teaches away from the claimed invention. JUSTICE GOLDBERG If you had this patent, would Robbins infringe it? MR. HALLIDAY No, it would not, sir. The reason why is the… JUSTICE GOLDBERG Why wouldn't it? MR. HALLIDAY The reason… JUSTICE GOLDBERG It has a single receiver assembly box. And you would tell us that is a single receiver, and you would find that to be direct literal infringement.  HALLIDAY No, that is not the case, given the fact of how the claim limitations are written. In that, the limitations are such that each of the features refers back to the same receiver. Now, as you'll note, in Robbins, there are two receivers running in parallel. JUSTICE GOLDBERG Well, even if you didn't get it that way, you would say, oh, it infringes because you have two receivers doing the same function, and yours is a functional method claim. You would say, every function is performed by Robbins, and this is just a method claim. I'm very confused by your answer of how it would not infringe. MR. HALLIDAY Well, from a claim chart perspective, looking at it, the first limitations of, well, let's take each limitation in part. There is the act of receiving. There is the act of scanning. There is the act of alerting. All of these pieces take place in the claim. So there are many steps. JUSTICE GOLDBERG That's a method claim, and doesn't Robbins do that, receive, compare, and alert? MR. HALLIDAY It does receive, compare, and alert. However, the step of receiving is split. So the scanning step takes place, and the information that is received to scan takes place in one receiver, running in parallel to a second receiver. JUSTICE GOLDBERG Who does the scanning? What does the scanning do? MR. HALLIDAY The auxiliary receiver. JUSTICE GOLDBERG But in your invention? MR. HALLIDAY In our invention? JUSTICE GOLDBERG Yes. MR. HALLIDAY It is one of two or three possibilities. The first instance is, the information has to be received. JUSTICE GOLDBERG Right, but I'm talking about the scanning. MR. HALLIDAY The scanning part happens, again, this will get a little, talk about this in a minute, but the receiver can have integrated into it a comparator. There's no argument to that. Or the receiver itself, depending on how you define the receiver, the single receiver,  JUSTICE GOLDBERG I thought it was the computer. MR. HALLIDAY It can be a computer as well. That's the third possibility. JUSTICE GOLDBERG Well, that's what's described in the specification, right? MR. HALLIDAY Correct. JUSTICE GOLDBERG Not anything within the receiver. I mean, you don't talk a lot about what's in the receiver in the specification, right? MR. HALLIDAY No. Actually, one of the embodiments in the specification talks about a general purpose computer, which is adapted to receive, which would then have the software, hardware. JUSTICE GOLDBERG So you've got a computer in your invention. Doesn't that computer and what it does correspond precisely to the auxiliary receiver in Robbins? MR. HALLIDAY No, it does not. JUSTICE GOLDBERG How so? MR. HALLIDAY Because the auxiliary receiver is limited only to the scanning function. Robbins, what it does is it runs in parallel to a main receiver. So there's one receiver, which receives a signal and provides audio or video, whatever signal it may be, to the user. Now in order to provide that receiver functionality that it did not have, Robbins made it bigger and more complicated, not realizing that with a digital signal, which is important in this invention, that you can actually reduce and make things simpler, all right? And so by running receivers in parallel with the main receiver... JUSTICE GOLDBERG Wait, you're talking about Robbins now? MR. HALLIDAY ...in parallel. One, two, three, there's no limit to the number of receivers that can be run in parallel. The reason for that is that Robbins wants to do things quickly, and Robbins also wants to receive multiple signal types. So it wants to receive a radio signal, but then also relay that to what's on television. So it needs to discriminate between signals in some instances. So that's why he, in his thinking, at least based on my read of it, made it more complicated. The claimed invention, the limitations all refer back to the single receiver. JUSTICE GOLDBERG Go ahead. Go ahead. JUSTICE GOLDBERG But you're also talking about a general-purpose computer that does the scanning or something other than the receiver that does the scanning, correct? MR. HALLIDAY Right. Well, the receiver is a general-purpose computer. There's no argument that a data processor cannot be a receiver. It can't. What we're talking about is a single receiver. A receiver is nothing more than something that takes a signal, translates it into a usable format. So the downstream processing that occurs with the signal obtained by that receiver, anything can happen to it. Here we have multiple signals coming in in Robbins, which is split, and actions are running in parallel to that receiver. JUSTICE GOLDBERG But Robbins, doesn't Robbins specifically say that a data processor can be used as the auxiliary receiver? MR. HALLIDAY At this point, it's an auxiliary receiver. A data processor is still in parallel. It's not downstream to the main receiver. It's in parallel to it. The signal is split. So it's essentially multiple things are happening at the same time. JUSTICE GOLDBERG Where in the spec, in your spec, does it say anything about the receiver doing anything other than receiving the signal? MR. HALLIDAY There would be, let's see, right before the  Also, there's example three, which talks about a receiver, and it describes a single specific type of receiver, a concatenated decoder. There's much description of the receiver itself, the internal workings of the receiver that  JUSTICE GOLDBERG So you're saying example three describes a receiver that's doing what? MR. HALLIDAY It's receiving a signal, and then downstream from that signal, all the functionalities are taking place. JUSTICE GOLDBERG But it doesn't describe the receiver doing those functionalities. It simply says, and as your claim states, it simply says that those things occur at the same time, but that doesn't say that the receiver is doing that. MR. HALLIDAY The claim refers back to using the receiver to get, maybe it's not as artfully worded as we all would like, but it's using the data from that single receiver to perform the functions, the computing steps downstream. Whereas in order JUSTICE BREYER There's no structure in your specification for the single receiver, is there?  HALLIDAY I disagree. There is the receiver itself. JUSTICE BREYER Where is the? MR. HALLIDAY Example three. Example three, there is a detailed description of a receiver. JUSTICE GOLDBERG Is this paragraph, just to make sure I'm looking at the right thing, 83, 84? MR. HALLIDAY Example, starting at 83 through 88. JUSTICE BREYER Where is the structure that defines exactly what this receiver is?  HALLIDAY Apologize, sorry. Paragraph 84 describes a chipset that was used with the processes included in that, which then decodes those signals. You'll see that many of the other claims also require a decoding step. Then the general purpose computer, which then takes those signals and after that signal has been decoded and put into a usable format, is sent downstream for further processing. Now, all of that, again, using the same type of language that's from Robbins, all of that is fine to be integrated together. JUSTICE BREYER You have a, in your beginning, figure 3, a single receiver, which just is an empty box, 320. Now, how do we know what's in that box? Why couldn't there be, why couldn't the single box 320 of your figure 3 be the same thing as figure 8A of Robbins? Which is also a single receiver box with a single signal coming in, and of course, once it's inside that box, it could be the same as your box, 320, right? It could be, but for our description. The answer to that is, we describe the same thing Robbins does, without knowledge of Robbins. Except yours is a method claim, so if it's performing the same function, that's enough. When you get into describing structure, you're not bound by that structure in a method claim. You're referring back to the same structure of the single receiver. So the single receiver is the structure that is doing the function. Where in Robbins, to back up, Robbins and Halliday's disclosures are very similar. We also take it one step further and say, we're removing something. Something is optional. There is a distinction here. A component is removed. And that actually gets us into the in-red. And why wouldn't that be obvious to one of skill in the art, that you could do the same function Robbins, when he splits his signal into two, you could just keep it in one single received signal. Why isn't that obvious to one of skill in the art? It's not obvious for two reasons. The first reason is, Robbins says so. He says it's needed.  It is a necessary element of Robbins. Edge says that if you remove a component, a necessary component, and yet retain that feature's function, where we teach that an auxiliary receiver, our server, that's the difference in nomenclature, our server, their auxiliary receiver, you remove that and retain its function. The only way to do that that we know of is through a digital signal, which is also in the claim, a digital receiver. But isn't the computer, isn't your computer, your general purpose computer, serving the same purpose as the auxiliary receiver? No, it is not. Because it's not receiving anything. It's receiving data from the receiver. My computer, in the claim, is the same as the comparator in Robbins. The comparator in Robbins is not a receiver. You don't have anything that says that your receiver does any scanning. I don't follow that. I don't see anything. You point to example three, but there's nothing in example three that discusses a scanning function for the receiver. Example three and four talk about how the receiver, which may have integrated into it the general purpose computer, all the scanning functions, can be integrated with a single receiver. There's no argument to that. The distinction here is, under In re Larsen, you don't get to the claimed invention by integrating. So it's the distinction between you and Robbins that they have a computer that's not integrated in the receiver and you have a computer that is integrated in the receiver? No. The distinction is that Robbins requires two receivers or more, two, three, four, five, however many, running in parallel with each other, to do what the claimed invention does with one single receiver. That is a patentable distinction because of the law under In re Edge, which again says that removal of a critical feature of the cited reference is indicative of patentability. Now, we also have other advantages, such as cost savings, such as... But the board dealt precisely with this argument. It said, we agree with your characterization that Robbins employs multiple receivers to form one homogeneous receiver system. They agree with you. The internal components of your receiver have not been disclosed, however. So yours could be the same as Robbins and you could have literal infringement by Robbins of your claim if it issues, meaning it's anticipated, if not obvious. I disagree only because of the disclosure. There's never been an issue of what is claimed. The arguments have not been disclosed and we've already discussed that those statements are not correct. You say they're not correct, but you just keep pointing to example three and I don't see any... That's the one you pointed me to. So I'm trying to understand. You keep saying that they're wrong when they say it's not disclosed. You said that in your brief and you cited to example three. Yes. And I don't see it. There's a single receiver there. Which one? It has the word single receiver, but it doesn't describe what that receiver is doing. What it's doing or what it is? Because a concatenated decoder chain integrated circuit is used to select the specific channel for playing through a digital audio processor, which contains an Azure 1600 digital signal processor core and ARM RISC processor. It's in paragraph 85. Again, but that doesn't tell us what it does. Well, that's a single receiver and the analysis of that information is performed either integrated with it via a comparator or downstream with the general purpose computer which is described in paragraph 83. It only uses a single receiver. All right. Thank you, Mr. Halliday. We'll save the remainder of your time. Thank you. Mr. Wood. May it please the court. Robbins receiving system, the integration of components that Robbins refers to as a main receiver and auxiliary receiver, labeled 802 in figure 8A, corresponds to the claimed single receiver, which is the central dispute in this case. Robbins itself refers to that integration    It's not a single receiver. It's not a single receiver. It's not a single receiver. It's an integration specifically in claim 1 at page A-707. And there's nothing in Mr. Halliday's disclosure that limits the term receiver to or that would exclude that integration from the term receiver. So I submit that receiver does include that integrated system. What's the scanning function that occurs in Robbins? In Robbins, and specifically referring to figure 8A, which is at A-677, the scanning function, the main receiver component receives the main signal and also it's where the user inputs a user code or it's basically a selected work like a song. The auxiliary receiver receives a stream from all channels or a plurality of different stations. Each channel and each work has its own ID code. So it can tell, which the ID code basically identifies each song. So the auxiliary receiver extracts that ID code from all of those channels, sends it to the comparator, and the comparator looks to find the ID code of the song and input it into the main receiver. So in other words, the comparator receives the selected ID code from the user via the main receiver. And then you compare the songs from that versus the songs in your memory bank. Exactly. And what happens in Holiday? What performs that function in Holiday? Is it your view that it's the general purpose computer or the receiver? Or are those two separate? It's the general purpose computer that performs that scanning step. And in Holiday, isn't the general purpose computer part of the single receiver? Or no? Do you understand that to be? Well, if you look at Holiday's figure, excuse me, figure three. Right. The block diagram shows a receiver 320 separate from a general purpose computer 310. So it appears to be two components performing what the receiving system does. And along those lines with respect to example three that was discussed previously. Example three, let's see. Example three doesn't talk about a receiver. It talks about the general purpose computer. So it's like, so I understand now that Mr. Holiday is referring to 310, the general purpose computer as a receiver rather than box 320, which is the receiver that in Mr. Holiday's opening brief. Mr. Holiday argues that 310, the general purpose computer simply performs the function of the comparator that occurred in Robbins and that there is no function, there's no separate auxiliary receiver that performs an independent function. I don't believe that is necessarily supported by the disclosure. The discussion of figure three is found in the spec at pages A43 and A44. And specifically, if you look at the first full paragraph that begins at line nine, it discusses the general purpose computer 310 polling the satellite stations received by the receiver 320. So the receiver apparently among other things that it may do that are not disclosed here, receives the signal and passes it through to the general purpose computer and the polling is what corresponds to the scanning function. If the real problem that the examiner and ultimately the board had with Mr. Holiday's patent was that Mr. Holiday didn't properly describe his receiver and its functions, why wouldn't there have been alternative basis to reject that patent application instead of saying, well, we're going to guess that it does what Robbins  There was a 112 rejection, a written description rejection. Withdrawn. It was withdrawn. Exactly. I think that's a good question. I think that might have been a possibility. But basically what the board decided to do is what this court did in CCS fitness case, which is there's a term that's broad enough to cover different structures. So we're going to define it as including those structures unless the specification excludes structure from that definition, which Mr. Holiday's written description does not. It opens the door, leaves open the possibility of all of these different types of structures for the term receiver. Why was the 112 rejection withdrawn? That's unclear from the record, Your Honor. The examiner withdrew it as part between Mr. Holiday's appeal brief and his examiner's answer. Decision was made to withdraw it. And it no real explanation is provided. I mean, there could be any of a number of reasons. Just focusing the issue, for example, for appeal, you know, is a good possibility. Can you turn to the issue of the teaching away? I don't I really have a hard time following the board's rationale here. I mean, if it says if Robbins says that an auxiliary receiver is needed, how can you say that that contemplates the absence of an auxiliary receiver? It says you may have fewer auxiliary receivers, but there's no contemplation in Robbins of zero auxiliary receivers, is there? You're absolutely correct, but the board and the examiner relied not on the receiving system itself to as the disclosure or teaching of that single receiver. So the component tree of that single receiver or receiving system is does not change that result, that it's the receiving system that is the teaching of the single receiver. And I think the board made that clear page A9, bottom of page A9 and top of A10 where it's the board says that appellant does not provide any support for his position that the claimed receiver differs from the receiver system employed by Robbins. So the board clearly considers the receiving system of Robbins to be the teaching of the claimed single receiver.  receiver then in Robbins encompasses a comparator, encompasses the controller, all of those are part of the receiving system? That's correct, Your Honor. All right, so that to the extent that it would contemplate a data processor that would be part of the receiving system? That's correct, Your Honor. And so why would they be separately identified if they're just defined as the receiver? Why would the components main receiver and auxiliary receiver be separately identified? Yes. I think it's just a matter of terminology. I mean, I think you know, it's unclear why those are chosen for those components, but the word receiver in Robbins includes structures such as radios and TVs and a radio would have, you know, theoretically a component in it that does the actual receiving of the signal, the wireless signal and other components that would perform the other functions of extracting ID codes and comparing ID codes with what is stored in a memory. But receiver has that global meaning of a whole radio or a whole television and again claim one at page A707 makes this abundantly clear where Robbins actually claims an automatically tunable receiver that comprises all of these components, a main receiver, a memory, auxiliary receiver, comparator, et cetera, et cetera. If there are no other questions. Thank you very much, Mr. Wood. Mr. Halliday, you have a little, about a minute remaining. Thank you. Mr. Wood makes an excellent point with respect to the statements concerning unless the specification excludes the structure and Halliday's specification does exclude that structure as we mentioned briefly moments ago. The specification describes a system having, using different terminology, an auxiliary receiver and a main receiver. Your claim is what describes your invention. It's a method claim. The method can therefore encompass any structure that performs that method step. That's correct. However, the claim is limited to a single receiver. And all the interrelationship, all the limitations refer back to that single receiver. So, in summary, we don't get to the single receiver through NRA Larson because an integration is not additive. It is additive, not destructive. And we only get to it, or the patentability is supported through NRA Edge, which talks about removal, feature, retention. Let me parse your claim a little bit. Claim 61 says receiving one or more digital satellite audio radio channels using a single mobile receiver. But then you go on to describe these other audio radio channels. You talk about the channels receivable by the receiver, and you say wherein the step of comparing the information occurs while the receiver is providing audio to the user. But you're not saying that the step of comparing is being done by the receiver. It doesn't have to be done by those circuits that are the receiver. It can be downstream. It's gathering that information that matters. It's a single receiver, whereas Robbins uses two receivers, one receiver to gather the information, another to provide audio to a user. With a digital satellite audio radio signal, you don't need two. You only need one. Thank you, Mr. Halliday. We appreciate your arguments.